UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA RHODES, Chief of Police, Rexburg Idaho; MCKENZIE N.E. COLE, Assistant District Attorney, Rexburg, Idaho; DAVID HUNT, County Magistrate Judge, Rexburg, Idaho; CITY OF REXBURG, IDAHO;[1]<br><br>Defendants. | Case No. 4:23-cv-00387-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

## I.  INTRODUCTION

Before the Court is Plaintiff James Bryant's Amended Complaint.[2] Dkt. 6. The Court has conducted a subsequent review of Bryant's Amended Complaint to determine if it meets the minimum required standards.

## II. SUFFICIENCY OF COMPLAINT

### A.  Legal Standard

The Court is required to screen complaints that are brought by litigants who seek in

---

[1] The caption has been amended to include defendants added in Bryant's Amended Complaint.

[2] Bryant filed his initial Complaint (Dkt. 2) and Application for Leave to Proceed In Forma Pauperis ("Application") (Dkt. 1) on September 5, 2023. The Court granted the Application, allowing Bryant to pay the filing fee in installments. However, after conducting an initial review pursuant to 28 U.S.C. § 1915, the Court dismissed Bryant's Complaint for failure to state a claim, but granted Bryant leave to amend. Dkt. 4. Bryant subsequently filed the instant Amended Complaint on April 5, 2024. Dkt. 6.

forma pauperis status. 28 U.S.C. § 1915(e)(2). During its review, the Court must construe a complaint liberally, giving a pro se plaintiff the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—must articulate their claims clearly and allege facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

To state a claim upon which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

### B. Discussion

#### 1. *Bryant's Amended Complaint*

In his Amended Complaint, Bryant alleges:

On September 6, 2021, I was falsely arrested under color of law, and charged with violating Idaho Statute 18-6409.[3] . . . Under the Constitution, the police were violating my First Amendment rights, my Fourth Amendment rights, my Fifth Amendment rights, and my Eighth Amendment rights. The County jail failed to correct this illegal arrest, by putting me in a cell for three days,

---

[3] Idaho code section 18-6409 criminalizes, as misdemeanor offenses, disturbing the peace, including through the use of vulgar or profane language in the presence of children, or disturbing the peace or quiet of any neighborhood by tumultuous or offensive conduct.

> before I was allowed to see a judge. The county prosecutor failed to correct this illegal arrest, by seeking a prosecution which ultimately lasted 14 months, before they dropped the charges. The Madison County bench judge failed to correct this illegal arrest, by allowing multiple pre-trial conferences, without once stepping in, and reviewing the case.

Dkt. 6, at 6.

Given this statement, Bryant appears to bring claims for unlawful arrest, wrongful imprisonment, and malicious prosecution against: (1) Sheriff Rick Henry of the Madison County Jail; (2) Madison County Police Chief Joshua Rhodes; (3) Madison County Assistant District Attorney McKenzie N.E. Cole; (4) Madison County Magistrate Judge David Hunt; (5) the City of Rexburg, Idaho.[4] Bryant suggests that the defendants are liable for $20,000,000 in damages.[5] *Id*. at 5.

   2. *Failure to State a Claim*

   a.  Unlawful Arrest

"A claim for unlawful arrest is cognizable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment provided that the arrest was made without probable cause or other justification."[6] *Dubner v. San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). Bryant alleges that a group of city employees playing pickleball in the city park called the police on him for using profane language in front of children.[7] Dkt. 6, at 6. He speculates that they did so

---

[4] Bryant's Complaint specifies that his claims are brought against such defendants pursuant to 42 U.S.C. § 1983. Dkt. 6, at 4.

[5] Bryant appears to exclusively seeks damages, as his Complaint does not include claims for injunctive, declaratory, or other form of relief.

[6] Although he does not specifically so state, the Court presumes Bryant's arrest was warrantless.

[7] Bryant does not explain how he learned either that the group had purportedly called 911, or that the reason

to "get [him] in trouble, and dirty [his] chances of running for Mayor," and alleges that the group lied that children were present. *Id*. Although Bryant argues that he was not in violation of Idaho Code 18-6409, which, among other things, prohibits the use of "vulgar, profane, or indecent language in the presence of children," Bryant again fails to identify how any of the named defendants were involved in his allegedly unlawful arrest. As such, Bryant fails to state a claim for unlawful arrest. *Lomeli v. County of San Diego*, 637 F.Supp.3d 1046 (S.D. Cal. 2022) (citing *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) ("The [plaintiff] must set forth specific facts as to each individual defendant's wrongdoing)).

   b.  <u>Unlawful Imprisonment</u>

Bryant also fails to identify any facts to support his claim that he was unlawfully imprisoned for three days. Dkt. 6, at 6. Under the Fourth Amendment, an unlawful detention occurs when the police department fails to obtain a prompt judicial determination of probable cause after a defendant's warrantless arrest. *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) (explaining the Fourth Amendment requires a "judicial determination of probable cause as a prerequisite to an extended restraint of liberty following arrest"); *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (noting "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*").

Although Bryant contends that the county jail "put . . . [him] in a cell for three days"

_____

for the call was his alleged use of profanity in front of children. If Bryant chooses to again amend his complaint, he must provide facts to support any conclusory statements.

before he was allowed to see a judge, he again fails to provide any facts about the circumstances of his detention other than its length. *Compare* Dkt. 6, at 6 *with* Dkt. 4, at 6. Nor does Bryant identify specifically how any of the named defendants were involved in his allegedly unlawful imprisonment. As such, Bryant fails to state a claim for wrongful imprisonment. *Roberson v. Henderson Police Dep't*, 2022 WL 4110896, at *2 (D. Nev. Sept. 7, 2022) (dismissing wrongful imprisonment claim where plaintiff claimed he was unlawfully detained for 58 days but did not provide any other background facts).

### c.  Malicious Prosecution

To state a 42 U.S.C. § 1983 malicious prosecution claim, a plaintiff must allege "that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Bryant alleges that the county prosecutor "failed to correct this illegal arrest, by seeking a prosecution which ultimately lasted 14 months, before they . . . dropped the charges." Dkt. 6, at 6. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In the absence of any facts to support it, Bryant's conclusory contention that the district attorney acted with malice fails to state a claim. *Twombly*, 550 U.S. at 555.

### d.  City of Rexburg

Finally, to state a claim against a municipality for violating constitutional rights under 42 U.S.C. § 1983, the infringement of constitutional rights must stem from: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or

discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). Bryant's Complaint names the City of Rexburg as one of the defendants responsible for purportedly violating his constitutional rights. Dkt. 6, at 2. As a municipality, the City of Rexburg is not liable unless its unconstitutional conduct stemmed from an official policy, practice or custom, lack of training, supervision, discipline, or a decision or act by a final policymaker. *Horton by Horton*, 915 F.3d 602–03.

Because Bryant does not allege the City of Rexburg's alleged constitutional violation was the result of a specific policy, custom, or other qualifying practice, Bryant fails to allege a plausible § 1983 claim against the City of Rexburg.

### 3. *Immunity*

As the Court has already explained, even if Bryant had plausibly alleged claims for unlawful arrest, wrongful imprisonment, malicious prosecution—or any other viable cause of action—it appears Defendants Cole and Hunt are immune from Bryant's suit. Dkt. 4, at 8–9. "[T]o assure that [they] can perform their respective functions without harassment or intimidation," judges have absolute immunity from liability for acts performed in judicial proceedings. *Butz v. Economou*, 438 U.S. 478, 512 (1978). Prosecutorial immunity protects acts taken "'in initiating a prosecution and in presenting the state's case.'" *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Judicial and prosecutorial immunity are absolute rather than qualified in order to permit performance without fear of litigation. *Imbler*, 424 U.S. at 424.

a.  Judge Hunt

Bryant identifies Hunt as a Magistrate Judge for Madison County. As noted, Bryant does not make any specific allegations of wrongdoing by Hunt. Bryant's only claim against Hunt is that "the Madison County bench judge [Hunt] failed to correct this illegal arrest, by allowing multiple pre-trial conferences, without once stepping in, and reviewing the case." Dkt. 6, at 6. Because Hunt apparently freed Bryant after Bryant's purportedly wrongful, three-day imprisonment, it is unclear why Bryant named Hunt as a defendant. Even if Bryant had plausibly alleged Hunt somehow acted wrongfully, judges are immune from damages for judicial acts taken within the jurisdiction of their courts. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Sherman v. Babbit*, 772 F.2d 1476, 1477 (9th Cir.1985).

In short, although Bryant has not identified any basis for his claim(s) against Hunt, Hunt is immune from liability for his judicial acts or conduct with respect to Bryant's criminal case. *Stump*, 435 U.S. at 349. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (cleaned up). Upon amendment, Bryant may only include Hunt as a defendant if he can identify facts to suggest Hunt's purportedly wrongful actions were either outside of his judicial capacity or beyond the scope of Hunt's jurisdiction.[8] If judicial immunity bars recovery, no amendment can cure

---

[8] "[T]he factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

the Amended Complaint's deficiency with respect to stating a claim against Judge Hunt.

      b.  <u>District Attorney Cole</u>

Bryant identifies Cole as an Assistant District Attorney for Madison County. Dkt. 6, at 2. He alleges that the "County prosecutor failed to correct this illegal arrest, by seeking a prosecution which ultimately lasted 14 months, before they . . . dropped the charges." *Id*. at 6. Again, as the Court previously explained, prosecutors are immune from liability for their prosecutorial functions, including for initiating prosecution or representing the state's interests. Dkt. 4, at 9 (citing *Ashelman*, 793 F.2d at 1078). While, in his Amended Complaint, Bryant suggests Cole acted wrongfully in charging him with disturbing the peace, prosecutorial immunity protects Cole from liability for taking such actions. *Ashelman*, 793 F.2d at 1078.

Since Bryant has not identified any actions Cole took that were unrelated to the initiation and presentation of Bryant's criminal prosecution, Cole appears to be immune from liability. *Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984) ("[A] prosecuting attorney acting within the scope of his or her duties in initiating and prosecuting a state's criminal prosecution is absolutely immune from a civil suit for damages for deprivation of constitutional rights.") (citing *Freeman on Behalf of the Sanctuary v. Hittle*, 708 F.2d 442, 443 (9th Cir. 1983)). If Bryant chooses to again attempt amendment, Cole may only be named as a defendant if Bryant can identify facts to suggest Cole acted outside the scope of her prosecutorial authority. *Ashelman*, 793 F.2d at 1076.

    *4.  Amendment*

"A pro se litigant must be given leave to amend his or her complaint unless it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (cleaned up). Although Bryant's Complaint does not contain sufficient allegations to support his claims, nor facts to suggest he can overcome judicial and prosecutorial immunities, the Court will allow Bryant a final opportunity to amend.

However, any amended claims against Hunt will be dismissed with prejudice unless Bryant can plausibly allege that Hunt's actions were not judicial or were beyond the court's jurisdiction. *Ashelman*, 793 F.2d at 1075–76. Any amended claims against Cole will be dismissed unless Bryant can plausibly allege that Cole acted outside the scope of her prosecutorial authority. *Id*. Any claims against the City of Rexburg will be dismissed unless Bryant can plausibly allege that the City of Rexburg's purported infringement of his constitutional rights occurred due to an official policy, a pervasive practice or custom, failure to train, supervise, or discipline, or a decision or act by a final policymaker. *Horton by Horton*, 915 F.3d at 602–03.

## IV. CONCLUSION

Upon review, the Court finds that Bryant has not stated any plausible claims for relief and that two of the four named defendants are likely immune from suit. To continue with this proceeding, Bryant must again amend.

## V. ORDER

1.    For the reasons set forth herein, Bryant's Complaint is DISMISSED WITHOUT PREJUDICE. Bryant is granted leave to file an Amended Complaint in substantial compliance with the Court's above analysis;

2.      Bryant must file his amended complaint within 30 days of the date of this Order.

Failure to file an Amended Complaint within this timeframe will result in dismissal of this

case WITH PREJUDICE, and without further notice.

DATED: June 20, 2024

David C. Nye
Chief U.S. District Court Judge