UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. BRYANT,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSHUA RHODES, Rexburg Chief of Police; MCKENZIE N.E. COLE, Madison County Assistant District Attorney; DAVID HUNT, Madison County Magistrate Judge; and JORDAN JENSEN, Rexburg Police Officer;[1]<br><br>                    Defendants. | Case No. 4:23-cv-00387-DCN<br><br>**SECOND SUCCESSIVE REVIEW ORDER** |

## I. INTRODUCTION

Plaintiff James Bryant is an individual proceeding pro se and in forma pauperis in this civil rights action.[2] Pursuant to 28 U.S.C. § 1915(e), the Court previously reviewed and dismissed Bryant's Complaint (Dkt. 2), and Amended Complaint (Dkt. 6), but allowed him an opportunity to amend after each of those dismissals. Dkt. 4; Dkt. 8. Bryant filed a Second Amended Complaint on June 24, 2024. Dkt. 9. The Court retains its screening authority pursuant to 28 U.S.C. § 1915(e)(2)(B).

Having reviewed Bryant's Second Amended Complaint, the Court enters the

---

[1] The caption has been amended to include only the defendants named in Bryant's Second Amended Complaint. Dkt. 9.

[2] While, in its Initial Review Order, the Court granted Bryant leave to proceed without paying the filing fee in full, it ordered Bryant to pay the filing fee in $50.00 monthly installments, should his case proceed upon amendment. Dkt. 4, at 3. Because, upon the Court's second successive review, this case is dismissed with prejudice, the filing fee is not required. *Id*.

following order dismissing Bryant's claims with prejudice.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Court has twice previously explained, a complaint fails to state a claim for relief if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court to plausibly "draw the reasonable inference that the defendant is liable for the misconduct alleged." Dkt. 4, at 4; Dkt. 8, at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

In other words, although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). If the facts pleaded are "'merely consistent with' a defendant's liability," it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## III. ANALYSIS

Bryant's Second Amended Complaint does not remedy the deficiencies identified in the Court's two prior review orders. In fact, although he adds one new defendant, Rexburg Police Officer Jordan Jensen, Bryant's Second Amended Complaint is otherwise identical to his initial Complaint the Court reviewed and dismissed on December 18, 2023

(Dkt. 4).³ *Compare* Dkt. 2 *with* Dkt. 9. As such, Bryant's Second Amended Complaint fails to state a claim against any of the named Defendants.

First, as the Court has twice advised Bryant, judges are immune from liability for judicial acts taken within the jurisdiction of their courts. Dkt. 4, at 8; Dkt. 8, at 7 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) and *Sherman v. Babbitt*, 772 F.2d 1476, 1477 (9th Cir. 1985)). As such, in its first Successive Review Order, the Court specifically informed Bryant that he could only include Magistrate Judge David Hunt as a defendant in his Second Amended Complaint if Bryant alleged facts to suggest Judge Hunt's purportedly wrongful actions[4] were either outside of his judicial authority, or beyond the scope of his jurisdiction. Dkt. 8, at 7. Because Bryant's Second Amended Complaint fails—for a third time—to include any allegations to suggest Judge Hunt acted outside of his judicial capacity, Bryant's claims[5] against Judge Hunt are dismissed.

Second, and similarly, the Court has twice explained that prosecutors are immune from liability for their prosecutorial functions, including for initiating prosecution or representing the State's interests. Dkt. 4, at 9; Dkt. 8, at 8 (citing *Ashelman v. Pope*, 797

---

[3] Although Bryant included significantly more detail in his First Amended Complaint, he entirely omitted such facts in his Second Amended Complaint. *Compare* Dkt. 6 *with* Dkt. 9. As such, the Court considers solely the allegations contained in Bryant's Second Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent."). However, even if the Court could consider all three versions of Bryant's Complaint in conjunction, he still fails to state a claim for the reasons set forth in this Order and in the Court's two prior review orders. Dkt. 4; Dkt. 8.

[4] Despite being twice granted leave to amend, Bryant still fails to plausibly allege that Hunt somehow acted wrongfully. Dkt. 9; *see also* Dkt. 4, at 8; Dkt. 8, at 7.

[5] In all three iterations of his Complaint, Bryant fails to tie specific claims to specific defendants. Dkt, 2; Dkt. 6; Dkt. 9. It accordingly remains unclear which specific claim or claims Bryant brings against each defendant.

F.2d at 1076). Despite the Court's guidance regarding prosecutorial immunity in its Initial Review Order (Dkt. 4, at 7–9), Bryant's First Amended Complaint did not include allegations to suggest Cole took any actions that were unrelated to the initiation and prosecution of Bryant's criminal case. *See generally* Dkt. 6. Thus, in its First Successive Review Order, the Court explicitly warned Bryant that any amended claims against Cole would be dismissed unless his Second Amended Complaint plausibly alleged that Cole acted outside the scope of her prosecutorial authority. Dkt. 8, at 8. Despite the Court's unequivocal instruction, Bryant's Second Amended Complaint does not contain any allegations to suggest Cole took actions that were unrelated to the initiation and prosecution of Bryant's criminal case. As such, Cole is immune from suit and Bryant's claims against her are dismissed. *Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984) ("[A] prosecuting attorney acting within the scope of his or her duties in initiating and prosecuting a state's criminal prosecution is absolutely immune from a civil suit for damages for deprivation of constitutional rights.") (citing *Freeman ex rel. The Sanctuary v. Hittle*, 708 F.2d 442, 443 (9th Cir. 1983)).

Third, as with his first two complaints, Bryant's Second Amended Complaint fails to identify how Police Chief Joshua Rhodes participated in *any* of the claims Bryant asserts. Dkt. 9, at 4; Dkt. 6, at 6; Dkt. 2, at 4. Because, for a third time, Bryant fails to include any allegations to identify Rhodes' individual wrongdoing in his Second Amended Complaint, Bryant's claims against Rhodes are appropriately dismissed. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("The [plaintiff] must set forth specific facts as to each individual defendant's wrongdoing.").

Fourth, and finally, Bryant's Second Amended Complaint adds Rexburg Police Officer Jordan Jensen as a defendant, but fails to provide a single allegation to suggest Jensen acted wrongfully. In fact, apart from adding Jensen as a defendant in the case caption and as part of a list of all defendants (*see* Dkt. 9, at 1, 2), Bryant's Second Amended Complaint neither identifies any actions taken by Jensen, nor links Jensen to any of his claims. In the absence of any allegations to identify Jensen's alleged wrongdoing, Bryant's claims against Jensen are dismissed. *Leer*, 844 F.2d at 634.

## IV. CONCLUSION

"[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)). Despite the Court's thorough analysis of Bryant's first two Complaints, and its clear instructions regarding the information required to be included in order to state a claim, Bryant's Second Amended Complaint is substantively identical to his first. *Compare* Dkt. 2 *with* Dkt. 9.

Because Bryant has failed to state a claim despite being afforded both the Court's repeated guidance, and three opportunities to do so, the Court finds this case is appropriately dismissed with prejudice. *See, e.g., Gottschalk v. City of San Francisco*, 964 F. Supp. 2d 1147, 1159 (N.D. Cal. 2013) ("Given these serious deficiencies in the second amended complaint, and given [plaintiff's] failure to comply with the Court's instructions for amending her complaint, this Court finds it appropriate to dismiss her complaint with prejudice[.]").

## V. ORDER

**IT IS HEREBY ORDERED**:

1. This case is **DISMISSED WITH PREJUDICE** and **closed**.

2. The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.

DATED: October 17, 2024

_____
David C. Nye
Chief U.S. District Court Judge